IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIK PANDOLFO, | ) |
| | ) CIVIL ACTION NO: _____ |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| PTW ENERGY SERVICES, INC., | ) |
| | ) *ELECTRONICALLY FILED* |
| Defendant. | ) |

# COMPLAINT

Plaintiff, Erik Pandolfo, a resident of Northumberland County, Pennsylvania, by and through his attorneys, brings this civil action for damages against Defendant, PTW Energy Services, Inc., demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. §12101, *et seq.* (the "ADAAA"), and 28 U.S.C. §§1331 and 1343.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## THE PARTIES

3. Plaintiff, Erik Pandolfo ("Mr. Pandolfo" or "Plaintiff"), is an adult individual residing in Northumberland County, Pennsylvania.

4. Defendant, PTW Energy Services, Inc. ("PTW" or "Defendant"), is a Delaware corporation with its headquarters located at 575 Sawdust Road, The Woodlands, Montgomery County, Texas, which at all times material hereto, operated in Williamsport, Lycoming County, Pennsylvania.

5. At all times relevant and material hereto, Defendant operated in the construction industry, and was an employer as defined in the ADAAA.

## ADMINISTRATIVE PROCEEDINGS

6. On or about May 11, 2020, Plaintiff filed a Complaint with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as Case No. 530-2020-03733, with instruction to be cross-filed by the EEOC with the Pennsylvania Human Relations Commission ("PHRC") for purposes of being dual filing with the PHRC.

7. Plaintiff has been advised of his right to sue in federal court, which notice was issued on or about December 14, 2020.

8. All necessary and appropriate administrative prerequisites to this action have occurred.

## **STATEMENT OF FACTS**

9. Mr. Pandolfo was hired by PTW as an electrician on or about April 16, 2017, at its location in Williamsport, Pennsylvania.

10. In or about October 2018, Mr. Pandolfo began experiencing pain in his hip, which affected his gait.

11. Upon noticing Plaintiff's affected gait, PTW's supervisors, Andy Cook and Brian Douglas, nick-named him "struggle bus," and called him [Mr. Pandolfo] by this name within the workplace on a daily basis.

12. In or around February 2019, Mr. Pandolfo's pain increased to the point that he verbally requested to rearrange his schedule in order to attend physical therapy for his hip.

13. Mr. Cook refused to consider amending Mr. Pandolfo's schedule and stated that if he was having issues, Mr. Pandolfo could not work and should go on short-term disability instead.

14. Mr. Pandolfo applied and was approved for short-term disability from late February to May 2019, when he was informed by his treating physicians that he required a hip replacement.

15. Mr. Pandolfo immediately informed Mr. Cook, who switched him to long-term disability with PTW, and agreed to a tentative return date around November 2019.

16. Mr. Pandolfo's hip replacement was performed in June 2019.

17. In late September, Mr. Pandolfo contacted Mr. Cook in late September 2019, and informed him that he was ready and able to return to work.

18. Mr. Cook informed him that he would get Mr. Pandolfo's work truck ready and get back to him.

19. Mr. Cook contacted Mr. Pandolfo on or about November 5, 2019, and stated that PTW's Human Resources department had determined that Mr. Pandolfo was not "rehireable."

20. PTW's discrimination based upon Mr. Pandolfo's actual disability and/or perceived disability violated his rights under the ADAAA.

## COUNT I

### Violations of the ADAAA - Discrimination

21. All prior paragraphs are incorporated herein as if set forth fully below.

22. Mr. Pandolfo is within the protected class of individuals as designated by the ADAAA because he was disabled and/or was perceived by PTW to be disabled as a result of medical issues related to his hip and subsequent hip replacement surgery.

23. Mr. Pandolfo was able to perform the essential functions of his job with or without a reasonable accommodation.

4

24. The ADAAA prohibits employers from discriminating against employees because of a disability and/or a perceived disability.

25. PTW violated the ADAAA and committed illegal discrimination by terminating Mr. Pandolfo and designating him "unrehireable" because of his hip issues and hip replacement.

26. The illegal discrimination is based on whole or in part upon Mr. Pandolfo's disability and/or perceived disability.

27. As a direct and proximate result of the conduct of PTW in violating the ADAAA by discriminating against Mr. Pandolfo on the basis of his disability and/or perceived disability, Mr. Pandolfo has been permanently and irreparably harmed and damaged and has and will continue to lose benefits of employment such as lost earnings, lost employment benefits, and non-economic damages in the form of embarrassment, humiliation, and anxiety.

WHEREFORE, Plaintiff, Erik Pandolfo, respectfully requests that this Honorable Court declare the conduct engaged in by Defendant, PTW Energy Services, Inc., to be a violation of his rights under the ADAAA, and award all compensatory damages, lost wages (and raises) and benefits, front pay and back pay, lost future earning capacity, liquidated damages for intentional, willful, malicious, reckless, outrageous conduct, damages for emotional distress, punitive

damages, reasonable attorney fees and costs incurred herein, and any pre and/or post judgment interest on all money awarded in damages for delay.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

                                          Respectfully submitted,

                                          **WEISBERG CUMMINGS, P.C.**

February 15, 2021  
Date

                                          */s/ Steve T. Mahan*  
Steve T. Mahan (PA 313550)  
smahan@weisbergcummings.com

*/s/ Larry A. Weisberg*  
Larry A. Weisberg (PA 83410)  
lweisberg@weisbergcummings.com

*/s/ Derrek W. Cummings*  
Derrek W. Cummings (PA 83286)  
dcummings@weisbergcummings.com

2704 Commerce Drive, Suite B  
Harrisburg, PA 17110  
(717) 238-5707  
(717) 233-8133 (Fax)

*Counsel for Plaintiff*